HDM/DMP:AFM/SME/SKW
F. #2018R00364

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N F O R M A T I O N |
| - against - | Cr. No. 23-440 (PKC) |
| IDRIS DAYO MUSTAPHA,<br>    also known as "Idris Mustapha,"<br>    "Idris Day Mustapha," "Idris D.<br>    Mustapha," "Chris Brownbill"<br>    and "Melanie Sauders," | (T. 18, U.S.C., §§ 371, 981(a)(1)(C),<br>982(a)(2)(B), 982(b)(1), 1029(a)(5),<br>1029(c)(1)(A)(ii), 1029(c)(1)(C), 1029(c)(2),<br>1030(i)(1), 1030(i)(2), 1349, 2 and 3551 et<br>seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C.,<br>§ 2461(c)) |
|               Defendant. | |

- - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Access Device Fraud)

1. On or about and between January 1, 2011 and March 31, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant IDRIS DAYO MUSTAPHA, also known as "Idris Mustapha," "Idris Day Mustapha," "Idris D. Mustapha," "Chris Brownbill" and "Melanie Sauders," together with others, did knowingly and with intent to defraud effect transactions with one or more access devices issued to another person or persons, in a manner affecting interstate and foreign commerce, to receive payment and one or more things of value aggregating $1,000 or more during any one-year period.

(Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Wire Fraud)

2.      On or about and between January 1, 2011 and March 31, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant IDRIS DAYO MUSTAPHA, also known as "Idris Mustapha," "Idris Day Mustapha," "Idris D. Mustapha," "Chris Brownbill" and "Melanie Sauders," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud (a) individual accountholders at U.S. and foreign financial institutions, including securities brokerage firms ("Intrusion Victims"); and (b) U.S. and foreign financial institutions, including securities brokerage firms ("Targeted Financial Institutions"), and to obtain money and property from Intrusion Victims and Targeted Financial Institutions by means of one or more materially false and fraudulent pretenses, representations and promises, all affecting financial institutions, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 <u>et seq.</u>)

## COUNT THREE
(Conspiracy to Commit Computer Intrusion and Securities Fraud)

3.      On or about and between January 1, 2011 and March 31, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant IDRIS DAYO MUSTAPHA, also known as "Idris Mustapha," "Idris Day Mustapha," "Idris D. Mustapha," "Chris Brownbill" and "Melanie Sauders," together with others, did knowingly and willfully conspire and agree with others to commit offenses against the United States, to wit:

(a)     to knowingly and with intent to defraud access one or more protected computers without authorization, and by means of such conduct further the intended fraud and obtain things of value, to wit: information, United States currency and the use of computers, contrary to Title 18, United States Code, Section 1030(a)(4); and

(b)     to use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (i) employing one or more devices, schemes and artifices to defraud; (ii) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors and potential investors in targeted companies, each of which was an issuer of a class of securities that was publicly traded in the United States ("Targeted Companies"), in connection with the purchase and sale of investments in the Targeted Companies, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

4.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant IDRIS DAYO MUSTAPHA, also known as "Idris Mustapha," "Idris Day Mustapha," "Idris D. Mustapha," "Chris Brownbill" and "Melanie Sauders," together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

  (a) On or about June 22, 2015, MUSTAPHA flew from London Heathrow Airport to John F. Kennedy International Airport in Queens, New York ("JFK Airport").

  (b) On or about June 23, 2015, MUSTAPHA opened a checking account at a branch of a financial institution in East Orange, New Jersey, an entity the identity of which is known to the United States Attorney ("Financial Institution A").

  (c) On or about February 26, 2016, an account was opened in MUSTAPHA's name at a brokerage firm, an entity the identity of which is known to the United States Attorney (the "Brokerage Firm A Account").

  (d) On or about March 3, 2016, approximately $32,000 was transferred from MUSTAPHA's checking account at Financial Institution A to the Brokerage Firm A Account.

  (e) On or about and between April 18, 2016 and April 19, 2016, multiple customer accounts at a brokerage firm ("Brokerage Firm B"), an entity the identity of which is known to the United States Attorney, were subject to unauthorized access and unauthorized trading, including trading in shares of a publicly traded company ("Company A"), an entity the identity of which is known to the United States Attorney, resulting in losses of approximately $50,000 to Brokerage Firm B.  At approximately the same time that the customer accounts at Brokerage Firm B were subject to unauthorized trades, the Brokerage Firm A Account bought and sold thousands of shares of Company A.

  (Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

5. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 1029(c)(1)(C), which requires any person convicted of such offense to forfeit any personal property used or intended to be used to commit the offense, including but not limited to: all right, title and interest in all securities and funds, including any and all accrued interest, in the Vision Financial Markets Account Number ending in 0492, held in the name of or for the benefit of Idris Dayo Mustapha.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), to seek forfeiture

of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1), 1029(c)(1)(C) and 1029(c)(2); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT TWO

7. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, including but not limited to: all right, title and interest in all securities and funds, including any and all accrued interest, in the Vision Financial Markets Account Number ending in 0492, held in the name of or for the benefit of Idris Dayo Mustapha.

8. If any of the above-described forfeitable property, as a result of any act of omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT THREE

9.  The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Sections 982(a)(2) and 1030(i)(1), which require any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, and such person's interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such offense; and (b) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, including but not limited to: all right, title and interest in all securities and funds, including any and all accrued interest, in the Vision Financial Markets Account Number ending in 0492, held in the name of or for the benefit of Idris Dayo Mustapha.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1030(i)(2), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), 982(b)(1), 1030(i)(1) and 1030(i)(2); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2018R00364

FORM DBD-34
JUN 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

IDRIS DAYO MUSTAPHA,
*also known as "Idris Mustapha,"
"Idris Day Mustapha," "Idris D.
Mustapha," "Chris Brownbill"
and "Melanie Sauders,"*

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(2)(B), 982(b)(1), 1029(a)(5), 1029(c)(1)(A)(ii), 1029(c)(1)(C), 1029(c)(2), 1030(i), 1349, 2 and 3551 <u>et seq</u>.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____   _____

*Clerk*

*Bail,* $ _ _ _ _ _ _ _ _ _ _ _ _

***Alexander Mindlin, Sarah M. Evans and Sara K. Winik,***
***Assistant U.S. Attorneys (718) 254-7000***